UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 2:02-CR-71(01) |
| | ) | |
| ALLEN MARK AJAN | ) | |

## MEMORANDUM AND ORDER

Allen Mark Ajan ("Ajan") was convicted on December 19, 2002, of several drug-related offenses, aiding and abetting a kidnapping, and two § 924(c) firearm offenses, [see Doc. 157]. He was sentenced on April 28, 2003, to a total term of six-hundred forty-six (646) months of imprisonment—two-hundred sixty-two months (262) months as to Counts 1 and 3 (conspiring to distribute and possession with the intent to distribute five grams or more of methamphetamine and possession with intent to distribute five grams or more of five grams of methamphetamine), two-hundred forty (240) months as to Counts 6 and 9 (distribution of methamphetamine and aiding and abetting kidnapping), concurrently, and three-hundred eighty-four (384) months consecutive as to Counts 7 and 10 (the § 924(c) charges). [See Doc. 220]. After Ajan's direct appeals were exhausted, he filed a motion to vacate pursuant to 28 U.S.C. § 2255.

This Court granted in part and denied in part the § 2255 motion, vacating one of Ajan's § 924(c) convictions (Count 10) and entered an amended judgment excising the unlawful term of imprisonment and reimposing the original term on the remaining counts. [See Docs. 339, 362, 363, 364]. On appeal, the Sixth Circuit found the record ambiguous as to whether the Court was aware of its statutory discretion to resentence Ajan on the remaining counts rather than to correct

1

his sentence as it did. The amended judgment was therefore vacated and the case remanded for further post-section 2255 proceedings for the Court to exercise its discretion to choose from one of the four enumerated § 2255 remedies. *Ajan v. United States*, 731 F.3d 629 (6th Cir. 2013). After the Sixth Circuit mandate was entered, the Court appointed counsel to represent Ajan and directed the parties to file a brief in regard as to whether or not resentencing is appropriate in this case. [Doc. 451]. Those briefs have now been filed, [Docs. 452, 454].

Once a judgment is vacated, the district court may grant one of four remedies "as may appear appropriate": (1) "discharge" the petitioner, (2) "resentence" the petitioner, (3) "grant a new trial," or (4) "correct" the sentence. 28 U.S.C. § 2255(b). Here, the only appropriate choices are to "correct" the sentence or to "resentence" Ajan. Ajan submits that resentencing is appropriate. The United States, on the other hand, although acknowledging the Court's authority and discretion to resentence, argues that resentencing is unnecessary and inappropriate here, and that the Court should merely "correct" Ajan's sentence and reimpose the original sentence as to the other counts of conviction. For the reasons which follow, the Court concludes, although it is a close call, that resentencing is appropriate here.

The government somewhat persuasively argues that "the absence of a change in petitioner's total offense level upon the vacation of Count 10 demonstrates that resentencing on the remaining counts is unnecessary" and that to grant a resentencing "would seem to confer upon petitioner a windfall unrelated to the substance of his *Combs* claim." These arguments make sense and are consistent with the Court's prior rationale when it originally chose to correct Ajan's sentence rather than order a resentencing. Ajan advances several arguments in support of his request for resentencing. He argues that his original sentence on the remaining counts of conviction was procedurally unreasonable, that the calculation of his guidelines range as to those

2

counts was erroneous for various reasons, including that he was erroneously determined to be a career offender, and that resentencing is the preferred, if not required,[1] remedy under § 2255. None of these arguments are persuasive.

The factor which tips the balance in favor of resentencing, however, is that Ajan's original sentencing was under mandatory Guidelines which have subsequently been declared unconstitutional. *See United States v. Booker*, 543 U.S. 220 (2005). Although it may indeed be a windfall for Ajan, he should be resentenced "for his far less egregious set of convictions" under advisory guidelines where the Court can consider the 18 U.S.C. § 3553(a) factors and fashion a sentence "sufficient , but not greater than necessary." The Court will therefore resentence Ajan *de novo* and will, by separate order, direct the Bureau of Prisons to relinquish custody of the defendant to the United States Marshal to be transported to this district for resentencing.

So ordered.

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE

---

[1] The Sixth Circuit made it clear that resentencing in this case is not required and remanded the case for this Court to determine whether or not resentencing in the case is appropriate or whether the Court should merely correct the sentence. Indeed, the Sixth Circuit stated that "In the end, on remand, Ajan may not prevail on the merits of his argument that he is entitled to a resentencing and a lower sentence. Not 'every [sentencing] appeal will lead to a new sentencing hearing.'" *Ajan*, 731 F.3d at 634 (quoting *United States v. Booker*, 543 U.S. 220, 268 (2005)).

3