UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) No. 2:02-CR-71 |
| | ) |
| ALLEN M. AJAN | ) |

MEMORANDUM OPINION AND ORDER

The Court began Defendant's revocation hearing on December 11, 2023. [Doc. 567]. During the hearing, Defendant's counsel raised an argument as to whether unapplied good-time or earned-time credits could reduce Defendant's revocation sentence or otherwise be considered by the Court in fashioning Defendant's revocation sentence. The Court ordered further briefing on the issue, and briefing has now been completed. [Docs. 569, 570, 571]. For the following reasons, the Court finds it would be improper at this juncture to either recalculate or consider any additional good-time credits that might have been earned by Defendant during prior terms of imprisonment. Defendant's revocation hearing is **RESET** for **July 1, 2024, at 10:30 a.m.** for proceedings consistent with this Opinion.[1]

I. BACKGROUND

Defendant's history before this Court spans over twenty years. He was first sentenced to 646 months of imprisonment in May 2003 after he was found guilty of conspiracy to distribute 5 grams or more of methamphetamine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B) ("Count One") and brandishing a firearm during and in relation to a drug trafficking offense in violation of

---

[1] Defendant filed a Motion to Continue requesting a one-day extension on the filing of his initial brief. [Doc. 568]. Defendant's Motion to Continue [Doc. 568] is **GRANTED** *nunc pro tunc*.

1

18 U.S.C. §§ 924(c)(1) & (2) ("Count Seven") among other charges. [Doc. 220]. In 2009, the Court reduced Defendant's sentence to 346 months of imprisonment after Defendant successfully filed a motion under 28 U.S.C. § 2255. [Docs. 362, 364]. Defendant then appealed his amended sentence, and after remand from the Sixth Circuit, the Court conducted a *de novo* resentencing and resentenced Defendant to 189 months of imprisonment. [Docs. 373, 446, 489]. Defendant's convictions on Counts One and Seven were unaffected by his Section 2255 proceeding. [Doc. 489, at 2].

Defendant completed his 189-month term of imprisonment in May 2016. [Doc. 569-2, at 8]. In January 2019, Defendant's supervised release was revoked, and he was sentenced by agreed order to ten months of imprisonment followed by three years of supervised release. [Doc. 503]. Defendant completed this second term of imprisonment in October 2019, but he once more violated the terms of his supervised release, and in May 2020, he was sentenced by this Court to an additional 12 months and 1 day of imprisonment. [Doc. 543]. Defendant served his second revocation sentence and then began his third term of supervised release in May 2021. However, he resumed committing violations of supervised release beginning in April 2022, and these violations, which include lying to probation and failing to report for drug screens, form the basis for the revocation petition currently pending before the Court. [Doc. 556].

## II. LEGAL STANDARD

18 U.S.C. § 3632(d)(4) addresses earned-time credits based on completion of "evidence-based reduction programming or productive activities." Section 3632(d)(4)(C) states that "[t]ime credits earned under this paragraph by prisoners who successfully participate in recidivism reduction programs or productive activities shall be applied toward time in prerelease custody or supervised release." However, a prisoner may not accumulate earned-time credits for programs

2

Case 2:02-cr-00071-JRG-CRW   Document 572   Filed 03/12/24   Page 2 of 8   PageID #: 3626

completed prior to December 21, 2018, or during official detention prior to the date the prisoner's sentence commences under Section 3585(a). 18 U.S.C. § 3632(d)(4)(B). A prisoner is ineligible to receive earned-time credit if the prisoner is serving a sentence for a conviction under 18 U.S.C. § 924(c). 18 U.S.C. § 3632(d)(4)(D)(xxii).

In contrast, 18 U.S.C. § 3624(b) addresses good-time credits. Section 3624(b)(1) states in relevant part that "a prisoner who is serving a term of imprisonment of more than 1 year . . . may receive credit toward the service of the prisoner's sentence, of up to 54 days for each year of the prisoner's sentence imposed by the court, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations."

### III. ANALYSIS

Defendant's argument at the December 2023 revocation hearing posited that *Dyer v. Fulgam*, a 2022 case decided in this District, might provide grounds for this Court to grant Defendant a reduction in his revocation sentence or term of supervised release. No. 1:21-CV-299, 2022 U.S. Dist. LEXIS 91170 (E.D. Tenn. May 20, 2022). In *Dyer*, the petitioner filed a *pro se* federal *habeas* petition under 28 U.S.C. § 2241, challenging the calculation and application of his earned-time credits under the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018). The petitioner had previously been sentenced to sixty months of imprisonment and three years of supervised release after being convicted of conspiracy to commit mail and wire fraud, among other charges. *Id.* at *1. The petitioner was expected to complete his sentence in March 2022, but due to the COVID-19 pandemic, he was transferred to home confinement in June 2020. *Id.* at *2. Over a year later, in December 2021, the petitioner filed his *habeas* petition arguing that the earned-time credits he had accumulated under the First Step Act entitled him to be placed on supervised release.

3

*Id.* at *2–*3. On January 13, 2022, the Bureau of Prisons ("BOP") promulgated its final rule concerning time credits under the First Step Act and granted the petitioner credit for qualifying activities completed after December 21, 2018. *Id.* The petitioner was then released from custody to begin his term of supervised release. *Id.* at *3.

In *Dyer*, the BOP explained that it had calculated the petitioner's earned-time credit at 540 days as of December 21, 2021. *Id.* at *5. Since petitioner had less than 540 days remaining in his custodial term, which was to be completed in March 2022, the BOP released him on January 13, 2022, the same day the final rule was promulgated. *Id.* The petitioner argued that he was entitled to application of his unused earned-time credits to reduce the length of his term of supervised release. *Id.* The district court found that the language of 18 U.S.C. § 3632(d)(4)(C) was unambiguous and provided that earned-time credits may be applied to reduce a term of supervised release. *Id.* at *7. Accordingly, the district court granted the petitioner 489 days of earned-time credits towards completion of his term of supervised release. *Id.*

Defendant argues that this Court can and should "consider [credits] not previously awarded to [Defendant] by the Bureau of Prisons to avoid unwarranted sentencing disparities[.]" [Doc. 569, at 1]. More specifically, Defendant asks the court to adjust Defendant's revocation sentence to account for unused earned-time credits or good-time credits "as to the term of supervised release as was the case in *Dyer* or as to the revocation sentence, or both, if sufficient credits exist." [*Id.* at 3]. However, *Dyer* dealt exclusively with earned-time credits and the statutory language governing the application of earned-time credits, and Defendant concedes that he is ineligible for earned-time credits under 18 U.S.C. § 3632(d)(4)(D). [*Id.* at 4]. Instead, his briefing focuses on good-time credits "not awarded to him as envisioned by Congress in the First Step Act and the Supreme Court." [*Id.*]. But good-time credits are not addressed within *Dyer*, and the outcome in that case

4

was entirely predicated on the district court's statutory interpretation of 18 U.S.C. § 3632(d)(4)(C) pertaining to earned-time credits. 2022 U.S. Dist. LEXIS 91170 at *7 ("The [First Step Act] explicitly provides for eligible inmates to earn time credit for *activities that promote rehabilitative functioning*, and Petitioner is entitled to receive the benefit of his participation in those activities." (emphasis added)). Accordingly, the Court does not find *Dyer* instructive in this action.[2]

Defendant was awarded 658 days of good-time credits for his original sentence. [Doc. 569, at 4]. This credits calculation was made before the First Step Act became law on December 21, 2018, which increased the maximum allowable good-time credits from 47 to 54 days a year for each year of the sentence imposed by the district court. *See Jamison v. Warden, Elkton Fed. Corr. Inst.*, No. 1:19-CV-789, 2019 U.S. Dist. LEXIS 190981, at *3 (S.D. Ohio Nov. 4, 2019) (citations omitted), *adopted by Jamison v. Warden, Elkton Fed. Corr. Inst.*, No. 1:19-CV-789, 2019 U.S. Dist. LEXIS 214532 (S.D. Ohio. Dec. 12, 2019). For his subsequent revocations of supervised release, Defendant was awarded no good-time credits for his ten-month term of imprisonment and 54 days of good-time credits for his sentence of 12 months and 1 day. [Doc. 569, at 5–6].

Defendant argues that the Court should treat his "original incarceration term as one sentence with the revocation incarceration terms," which would result in a total term of incarceration of 211 months and a day. [Doc. 569, at 9]. Defendant then asks the Court to recalculate his good-time credits accounting for all time served, "in light of references by the Supreme Court that a revocation sentence is part of the overall sentence."[3] [*Id.* at 8]. By

---

[2] The Court also notes that a number of district courts have scrutinized *Dyer* and declined to follow its reasoning. *See e.g.*, *United States v. Calabrese*, No. 1:11-CR-437, 2023 U.S. Dist. LEXIS 24259 at *5 (N.D. Ohio Feb. 13, 2023) (collecting cases).

[3] In *Johnson v. United States*, the Supreme Court stated that "post[-]revocation penalties relate to the original offense" and are "part of the penalty for that offense." 529 U.S. 694, 700–01 (2000).

5

Defendant's calculation, 211 total months served multiplied by a maximum of 54 good-time credits per year yields 918 total good-time credits that Defendant might have earned had his good-time credits been calculated under the First Step Act. [*Id.* at 9]. Defendant then suggests the addition of "daily pro-rated days of 31.228" for a total of 949.228 good-time credits. [*Id.*]. Defendant has been awarded with 712 total good-time credits to date, consisting of 658 credits earned during his 189-month term of incarceration and 54 credits earned during his second revocation term of incarceration. [*Id.*]. Defendant asks the Court to "take into consideration the 237 [good-time credits] he has not previously received as credit towards the overall incarceration." [*Id.* at 10].

The Court cannot do as Defendant requests. Most importantly, as Defendant himself acknowledges, Sixth Circuit precedent holds that calculation of good-time credits is the responsibility of the BOP, and the Court may only hear a contested calculation after Defendant has exhausted administrative remedies and filed a challenge pursuant to 28 U.S.C. § 2241. [*Id.* at 8]; *see also United States v. Chase*, 104 Fed. App'x 561, 562 (6th Cir. 2004); *United States v. Washington*, No. 5:13-03-KKC, 2022 U.S. Dist. LEXIS 19239 at *3 (E.D. Ky. Jan. 24, 2022) (holding that a petitioner's requested recalculation of good-time credits for a term of imprisonment served before the First Step Act went into effect must first be brought before the BOP's administrative process). The Court has not found any authority permitting it to jump the line, so to speak, regarding the procedures set forth for an inmate to challenge the calculation of his or her good-time credits.

Even if it were procedurally proper for the Court to recalculate Defendant's good-time credits at this juncture, the Sixth Circuit has found that a petitioner serving a revocation sentence was not entitled to additional good-time credits based on a fully-served sentence for the crime that

6

led to his supervision where the original sentence concluded prior to the enactment of the First Step Act. *See Buchanan v. Hemingway*, No. 22-1710, 2023 U.S. App. LEXIS 11990 at *3 (6th Cir. May 16, 2023) (citations omitted). Another district court in this Circuit has also persuasively rejected Defendant's interpretation of the Supreme Court's decision in *Johnson*, emphasizing that "the imprisonment that ensues from revocation is partly based on new conduct, is wholly derived from a different source, and has a different objective altogether" from the original term of incarceration. *See, e.g., Jamison*, 2019 U.S. Dist. LEXIS 190981 at *4 (citations and internal quotations omitted).

In sum, even if it were procedurally proper for the Court to recalculate Defendant's good-time credits, it would likely decline to do so. District courts have rejected Defendant's suggested approach in *habeas* actions as "contrary to federal law" and concluded that "[b]ecause [a] petitioner's revocation sentence is separate from his original sentence for purposes of calculating good-time credits, he is not entitled to the good-time credits he would have received on his [] original sentence if the First Step Act had been enacted at the time he was serving that sentence." *Id.* at *5–*6 (collecting cases); *see also Hedges v. United States Marshals Serv.*, No. 5:22-294-DCR, 2022 U.S. Dist. LEXIS 212385 at *8–*9 (E.D. Ky. Nov. 23, 2022) (collecting cases) ("Hedges' argument is untenable and he is not entitled to relief. To conclude otherwise would essentially provide Hedges a 'get out of jail free card' that would entitle him to cancel out his revocation sentence before it was even imposed.").

IV.   **CONCLUSION**

Sixth Circuit precedent is clear that calculation of good-time credits falls within the purview of the BOP and can only be reevaluated by the Court after Defendant has exhausted administrative remedies. What more, the Court has not found, and Defendant has not provided,

7

Case 2:02-cr-00071-JRG-CRW   Document 572   Filed 03/12/24   Page 7 of 8   PageID #: 3631

any authority to allow the Court to recalculate or consider unapplied good-time credits when sentencing Defendant for violations of supervised release. Accordingly, the Court will not consider any good-time credits Defendant might have earned had the credits for either his original sentence or his total term of incarceration been calculated under the provisions of the First Step Act. Defendant's revocation hearing is **RESET** for **July 1, 2024, at 10:30 a.m.**

    So ordered.

    ENTER:

                                                                         s/J. RONNIE GREER
                                                     UNITED STATES DISTRICT JUDGE